UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| NANCY STONE,   Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:18-cv-003276 |
| T-H PROFESSIONAL & MEDICAL COLLECTIONS, LTD.,   Defendant. | ) ) ) ) | |

**RULE 12(b)(6) MOTION TO DISMISS**

***NOW COMES*** the Defendant, T-H PROFESSIONAL & MEDICAL COLLECTIONS, LTD., by its attorney, DORIAN B. LASAINE, and for its MOTION TO DISMISS in accordance with Fed. R. Civ. P. 12(b)(6), hereby moves the Court to enter an order dismissing Count II of the Complaint of Plaintiff, NANCY STONE; in support thereof, Defendant states to the Court as follows:

1. That this Court has jurisdiction of the parties hereto.

2. That Fed. R. Civ. P. 12 provides in relevant part:

    "(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

    [...]

    (6) failure to state a claim upon which relief can be granted;"

3. That the Plaintiff, NANCY STONE, filed a Complaint against Defendant in the above captioned matter on October 18, 2018, and in its second count alleges "violation(s) of the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/10a." *See* Page 7 of Plaintiff's Complaint.

4. That to plead adequately a private cause of action for violation of the ICFA, a plaintiff must allege: "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." Oliveira v. Amoco Oil Co., 776 N.E.2d 151, 160 (Ill. 2002); see also DeBouse v. Bayer, 922 N.E.2d 309, 313 (Ill. 2009). The actual damage element of a private ICFA action requires that the plaintiff suffer "actual pecuniary loss." Kim v. Carter's Inc., 598 F.3d 362, 365 (7th Cir. 2010) (citing Mulligan v. QVC, Inc., 888 N.E.2d 1190, 1197 (Ill. App. Ct. 2008)). Allegations of emotional distress, inconvenience, and aggravation do not, by themselves, constitute damages under the ICFA. See Morris v. Harvey Cycle & Camper, Inc., 911 N.E.2d 1049, 1054 (Ill. App. Ct. 2009).

5. That nowhere in Count II of Plaintiff's Complaint does she allege any actual pecuniary loss proximately caused by Defendant's alleged violation of the ICFA. *See* Pages 7-8 of Plaintiff's Complaint.

**WHEREFORE**, Defendant respectfully prays that this Honorable Court grant its Motion to Dismiss, dismiss Count II with prejudice, and grant any further relief as this Court may deem just and equitable.

Respectfully submitted,

T-H PROFESSIONAL & MEDICAL COLLECTIONS, LTD.,
Defendant,

<u>s/ Dorian B. LaSaine</u>
DORIAN B. LASAINE, Esq.
Counsel for Defendant
Admitted in the Central District of Illinois
456 Fulton Street
210 Twin Towers Plaza
Peoria, Illinois  61602
Fax:  (309) 674-6449
Phone: (309) 674-6331
Email: lasainelaw@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2018, I electronically filed the foregoing Rule 12 Motion Dismiss, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Counsel for Plaintiff
Kristen C. Wasieleski

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

s/ Dorian B. LaSaine
DORIAN B. LASAINE, Esq.
Counsel for Defendant
Admitted in the Central District of Illinois
456 Fulton Street
210 Twin Towers Plaza
Peoria, Illinois 61602
Fax: (309) 674-6449
Phone: (309) 674-6331
Email: lasainelaw@gmail.com